## RIDER et al. v. COMBS et al.

Court of Appeals of Kentucky.

Jan. 23, 1953.

Rehearing Denied May 1, 1953.

Luther M. Roberts, Louisville, for appellants.

William H. Walden and Lewis D. Jones, Louisville, for appellees.

WADDILL, Commissioner.

Appellants are co-executors of the estate of John M. Rider who died testate in May, 1949. Appellees are husband and wife who obtained a judgment against the deceased's estate for $2,000 for various services per-formed in taking care of a rooming house owned by Rider pursuant to an alleged agreement to compensate the appellees for their services.

Appellees' petition alleged an express agreement entered into on or about November 25, 1944, but the bulk of appellees' proof was directed toward establishing acts and services performed by appellees upon which a contract could be implied, rather than toward an attempt to prove the express agreement. Appellants cite Flynn's Ex'r v. Mullett, 254 Ky. 90, 70 S.W.2d 978, as authority for the proposition that there may be no recovery upon an implied contract when only an express contract is pleaded. However, in the recent case, Staples' Ex'r v. Barrett, Ky., 242 S.W.2d 996, this Court declared that one who brings an action on an express contract can rely on an express or an implied contract where he has not been required to make an election.

There is insufficient evidence in the record to prove an express contract. Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S.W.2d 877. Therefore, we must determine whether the record contains evidence of services performed by appellees from which the law will imply a promise to pay. To establish a contract implied in fact, the evidence must disclose an actual agreement or meeting of the minds although not expressed and such is implied or presumed from the acts or circumstances which according to the ordinary course of dealing and the common understanding of men shows a mutual intent to contract. Cheatham's Ex'r v. Parr, 308 Ky. 183, 214 S.W.2d 95.

In Kellum v. Browning's Adm'r, 231 Ky. 308, 21 S.W.2d 459, the court referred to Price v. Price's Ex'r, 101 Ky. 28, 39 S.W. 429, 19 Ky.Law Rep. 211, saying:

"* * * In the latter case it is said that the relation of the parties must be shown to have been or to be that of debtor and creditor, or of master and servant; that no man is to be made a debtor without his knowledge or assent or under circumstances where he had no reason to expect that such is his position or liability. To establish in the manner under con-

750

sideration this attitude of strangers in duty, or the relation of debtor and creditor, requires stricter proof, as stated, than to establish ordinary contracts—more than proof of performance of the services and casual, indefinite expressions of intention to pay for same, or acknowledgment of gratitude or dependence on the part of the recipient, or expressions of a wish or desire that the server or attendant should be compensated, for cases of this character are pregnant with danger of spoliation. * * * [231 Ky. 308, 21 S.W.2d 464.]"

 The evidence discloses that appellees collected rent for Mr. Rider; that Mr. Combs fed some dogs for a considerable period of time, carried out garbage, mowed the grass and once painted the roof. Mrs. Combs cleaned the apartments when vacated and prepared them for renting again.

These services were performed between November 25, 1944, and May 13, 1949. It appeared that appellees lived on the premises in an apartment that rented for $9.50 per week, and that they received a credit of $3 per week on their rent in consideration of the services they performed. The fact that they remitted the balance of $6.50 per week to Mr. Rider indicates that they did not expect, and Rider did not intend for them, to receive more. A letter written by Mrs. Combs to Mr. Rider in January, 1949, close to the end of the period during which the various services were performed, reveals that at that late date appellees considered themselves indebted to Mr. Rider and mentioned that Mr. Combs had fixed some pipes in the apartment house incurring out of pocket expenses, saying that "We would let it go on what we owe you." In view of the admissions contained in this letter and other uncontroverted evidence in the record tending to the same effect the court was in error in refusing to instruct the jury peremptorily to find for the appellants.

Judgment reversed.